UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

ELENA ORTIZ on Behalf of Herself and
on Behalf of All Others Similarly Situated

        Plaintiff(s),

V.

PIN UPS OF DAYTONA BEACH, LLC,
d/b/a PIN UPS OF DAYTONA BEACH,
JOSEPH LOGUIDICE, TIMOTHY
BLAKESLEE

        Defendants.

COLLECTIVE ACTION
JURY TRIAL DEMANDED

                                            /

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.    SUMMARY

1.    Defendants Pin Ups of Daytona Beach, LLC, d/b/a Pin Ups of Daytona Beach, ("Pin Ups"), Joseph Loguidice, and Timothy Blakeslee (hereafter "Defendants") required and/or permitted Elena Ortiz and others similarly situated (hereafter "Plaintiffs") to work as exotic dancers at their adult entertainment club but refused to compensate them at the applicable minimum wage. In fact, Defendants refused to compensate them whatsoever for any hours worked. Plaintiffs' only compensation was in the form of tips from club patrons, and even those were partly confiscated by the club.

2.    Defendants took money from Plaintiffs in the form of "house fees" or "rent". Plaintiffs were also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

3.    Defendants misclassify dancers, including Plaintiffs, as independent contractors so that they do not have to compensate them at the federally mandated minimum wage rate.

4.      Defendants' practice of failing to pay employees any wages violates the FLSA's minimum wage provision, and Defendants' practice of charging house fees and confiscating tips also violates the FLSA because for at least one workweek in the relevant statutory period, these practices caused Plaintiffs to be paid below the minimum wage.

5.      Defendants owe Plaintiffs minimum wages, house fee charges, tips, liquidated damages, attorney's fees, and costs.

6.      Plaintiff prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III.      PARTIES AND PERSONAL JURISDICTION

9.      Named Plaintiff Elena Ortiz is an individual who resides in Lake County. Her consent to this action is attached as Exhibit A.

10.      Putative opt-in Plaintiffs are those who are similarly situated to Named Plaintiff and who will file a valid opt in consent to join this action after notice of the collective action.

11.      Pin Ups of Daytona Beach, LLC, doing business as Pin Ups of Daytona Beach may be served with process by serving registered agent for the company Joseph Loguidice at 1515 Ridgewood Ave. #A, Holly Hill, FL, 32117.

12.      Joseph Loguidice is the owner of Pin Ups. He may be served with process at 1515 Ridgewood Ave. #A, Holly Hill, FL, 32117.

13.      Timothy Blakeslee is a manager of Pin Ups. He may be served with process at 1515 Ridgewood Ave. #A, Holly Hill, FL, 32117.

14.     This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in Florida and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15.     Defendants have and continue to have systematic contacts with Florida sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Florida by operating a successful club in Daytona Beach. Defendants also employ workers and contract with residents and businesses in Florida.

16.     This cause of action arose from or relates to the contacts of Defendants with Florida residents, thereby conferring specific jurisdiction over Defendants.

## IV.     COLLECTIVE AND CLASS ALLEGATIONS

### A.     FLSA Class Members

17.     Named Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at Pin Ups.

18.     As such, Plaintiff has first-hand personal knowledge of the same pay violations at the Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

19.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

20.     FLSA Class Members perform or have performed the same or similar work as Plaintiff.

21.     FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

22.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay

structure, misclassification as independent contractors and/or the denial of minimum wage.

23.     Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

24.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

25.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

26.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

27.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

28.     As such, Plaintiff brings her FLSA minimum wage claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

## V.     FLSA COVERAGE

29.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

30.     The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

31.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

32.     Furthermore, Defendants have had, and continue to have, an annual gross business volume with Pin Ups of $500,000 or higher.

33.     Owner Loguidice and Blakeslee are employers under the FLSA because they 1) have the power to hire and fire the dancers and other employees, 2) supervise and control employee work schedules or conditions of employment, 3) determine the rate and method of payment, and 4) are the primary individuals responsible for maintaining employment records.

34.     At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## VI.   <u>FACTS</u>

35.     Defendants operate an adult entertainment club in Florida, under the name of "Pin Ups" (hereafter "Pin Ups").

36.     Plaintiffs were previously employed as exotic dancers at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

37.     Plaintiffs worked on a regular basis for Defendants' gentlemen's establishment.

38.     Named Plaintiff Elena Ortiz consistently worked at Pin Ups from January 2017 until March 2018. She generally worked close to 25 hours per week.

39.     She worked 3-4 shifts a week and worked 7-8 hours per shift.

40.     Plaintiff Ortiz never received any wages during her employment with the club.

41.     As an illustrative example, during at least one workweek in January 2017 (towards the beginning of her employment) and so on every workweek until March 2018 when she left the club, Ortiz worked at Pin Ups for at least one hour and was not paid the federal minimum wage.

42.     This continued for the entirety of her employment. That is, Plaintiff continued to work 25 hours a week at the club but did not earn a single cent in minimum wage while at Pin Ups.

43.     Similarly, opt-in Plaintiff and putative opt in Plaintiffs did not work a single hour at the club where they were paid the federally mandated minimum wage of $7.25 an hour.

44.     Plaintiffs were classified by Defendants as independent contractors who "leased" the premises and therefore actually paid the club to dance at the club.

45.     On at least one occasion during the statutory period, Plaintiffs left the club with negative earnings, that is, they made less than what they paid in "rental fees" to dance at the club.

46.     Plaintiffs were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at the establishment.

19.     Defendants also required Plaintiffs to share their tips with other non-service employees who do not customarily receive tips, including club managers.

20.     Defendants also took a portion of Plaintiffs' tips after Plaintiffs performed dancers for customers. These amounts were not recorded in the club's gross sales receipts and were not distributed back to dancers. As alleged, no wages were provided to dancers.

21.     Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiffs were employees of Defendants.

22.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

23.     The following non-exhaustive list further demonstrates the dancers' status as employees:

    a.     Defendants forced Plaintiffs to pay a house fees to dance in the club;

    b.     Defendants made the decision not to pay wages or overtime;

    c.     Defendants set the price for private dances at the club and kept a portion of the dance revenues for themselves;

    d.     Defendants provided the Plaintiffs with music, poles, stages, and extensive lighting, and the dancers simply danced;

    e.     Defendants required dancers, including Named Plaintiff, to dance on the main stage for a minimum number of songs every shift;

f.   Defendants mandated a 3 shift minimum workweek;

g.   Plaintiffs could not leave before the end of their shift without paying a fine, and named Plaintiff paid a fine several times;

h.   Plaintiffs had to wait for customers to clear the club before leaving at the end of the night;

i.   Defendants mandated that Plaintiffs pay managers a tip from Plaintiffs' own earnings;

j.   Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers, and others;

k.   Defendants employed Plaintiff and Class Members for several months if not years at one time;

l.   Defendants employed named Plaintiff for years;

m.   Plaintiffs constituted the workforce without which Defendants could not perform their services;

n.   Plaintiffs' services were integrated into Defendants' operations, i.e. customers came to the club to see Plaintiffs dance.

24.   Plaintiffs are not exempt from the minimum wage requirements under the FLSA.

25.   Defendants' method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

26.   Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VII.   CAUSES OF ACTION

### COUNT I:
### Failure to Pay Minimum Wages and Wages Due (Collective Action)

47.   Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

48.     Defendants' practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

49.     Defendants unlawfully charged Plaintiffs rent to dance and took tips and wages from them in violation of the Fair Labor Standard Act's minimum wage provision.

50.     Because they paid no wages, Defendants violated the law.

51.     Additionally, Defendants took tips and wages from Plaintiffs unlawfully. This violates the FLSA because it caused each Plaintiff to earn less than the minimum wage during at least one workweek in each Plaintiff's statute of limitations period.

52.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiffs.

### Count II

### Fair Labor Standards Act, 29 U.S.C. § 203 (Unlawful Tip Sharing – Collective Action)

53.     As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

54.     Taking tips outside of a valid tip pool, or generally passing on to employees to cost of doing business is illegal under the FLSA.

### VIII.   <u>DAMAGES SOUGHT</u>

55.     Plaintiffs are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

56.     Plaintiffs are also entitled to all of the misappropriated funds, including "rental fees", tips taken from them, tips taken from dance performances, and any additional wages owed.

57.     Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

58.     Plaintiffs are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

For these reasons, Plaintiffs respectfully request that judgment be entered in their favor awarding the following relief:

        A. All unpaid wages at the FLSA mandated minimum wage rate;

        B. All misappropriated money;

        C. An equal amount of wages as liquidated damages as allowed under the FLSA;

        D. Prejudgment and post-judgment interest on unpaid back wages under the FLSA;

        E. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

        F. Such other and further relief to which Plaintiffs may be entitled, at law or in equity.

Dated this 23rd day of August 2019.

By their attorneys,

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

Gabriel A. Assaad
Texas Bar No. 24076189
(Pro hac vice-application pending)
gassaad@kennedyhodges.com

KENNEDY HODGES, L.L.P.
4409 Montrose Blvd., Suite 200

Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116