UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELENA ORTIZ,

       Plaintiff/Counter-Defendant,

v.                                                    Case No. 6:19-cv-1644-Orl-37LRH

PIN UPS OF DAYTONA BEACH, LLC;
JOSEPH LOGUIDICE; and TIMOTHY
BLAKESLEE,

       Defendants/Counterclaimants.
_____

**ORDER**

Plaintiff Elena Ortiz moves to dismiss Defendants Pin Ups of Daytona Beach, LLC d/b/a Pin Ups of Daytona Beach ("**Pin Ups**"), Joseph Loguidice, and Timothy Blakeslee's counterclaims. (Doc. 19 ("**Motion**").) Defendants responded (Doc. 20), and Plaintiff replied (Doc. 30). On review, the Motion is granted.

## I.     BACKGROUND

Plaintiff claims she worked for Defendants as an exotic dancer at Pin Ups, an adult entertainment club, from January 2017 to March 2018. (Doc. 1, ¶¶ 1, 35–38.) She asserts Defendants did not compensate her or other dancers for any hours worked; their only compensation consisted of tips from club patrons, which Defendants partly confiscated. (*Id.* ¶¶ 1, 40, 42–43, 46.) The dancers allegedly even had to pay house fees or rent and divide tips with others who rarely receive tips. (*Id.* ¶¶ 2, 45.) Plaintiff contends Defendants would misclassify dancers like Plaintiff as independent contractors to avoid

-1-

paying them the federally mandated minimum wage. (*Id.* ¶¶ 3, 44.) So Plaintiff sued Defendants on behalf of herself and others similarly situated for failure to pay minimum wages and unlawful tip sharing in violation of the Fair Labor Standards Act ("**FLSA**"). (*See id.* ¶¶ 47–54.)

Defendants answered and raised numerous affirmative defenses and counterclaims. (*See* Doc. 12.) Defendants say Plaintiff never worked or performed at Pin Ups and that their exotic dancers agreed to work as independent contractor professional entertainers, not employees, and to a specific distribution of proceeds from performances, including dance fees, entertainment fees, and tips. (Doc. 12, pp. 13–21.) Defendants asserted these counterclaims "hypothetically and in the alternative" if the Court finds Plaintiff and the similarly situated individuals were Defendants' employees: (1) **Count I**, legal requirement to remit entertainment fees/conversion/restitution; (2) **Count II**, breach of contract; (3) **Count III**, fraud in the inducement of contract; (4) **Count IV**, negligent misrepresentations; (5) **Count V**, unjust enrichment and quantum meruit; (6) **Count VI**, promissory estoppel; (7) **Count VII**, accounting; (8) **Count VIII**, declaratory judgment; (9) **Count IX**, constructive trust; and (10) **Count X**, set-off.  (*Id.* at 14, 22–37.) The counterclaims relate to the formation and breach of the dancers' purported agreements with Defendants stating the dancers were non-employee independent contractors and the dancers' retention of entertainment fees and tips under those agreements. (*See id.* at 22–37.)

Plaintiff seeks dismissal of Defendants' counterclaims, arguing they are not compulsory, mature, or permitted under the FLSA. (Doc. 19.) Briefing complete (Docs. 20,

30), the matter is ripe.

## II.   LEGAL STANDARDS

Federal courts have limited subject matter jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Cases within the original jurisdiction of the federal courts include: (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction); and (2) civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000" (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. Where a federal court has original jurisdiction over some claims in an action, it may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction and may be a facial attack. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). In a facial attack, courts look only at the complaint to determine whether "plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted). "[A]llegations in [the] complaint are taken as true for the purposes of the motion." *Id.* (citation omitted). Courts are to presume they lack subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

### III.   ANALYSIS

Plaintiff argues dismissal of Defendants' counterclaims is warranted because: (1) the Court lacks jurisdiction over Counts I–VII, IX, and X because they are not compulsory counterclaims under Rule 13; (2) Counts I–VII, IX, and X are not mature; (3) Counts I–VII, IX, and X fail to state a claim; (4) the Court lacks jurisdiction over Count VIII for declaratory judgment, and it is improperly pled, not yet ripe, and futile; and (5) employers cannot assert setoff and restitution counterclaims in FLSA cases. (*See* Doc. 19.) Let's start with Counts I–VII, IX, and X before addressing Count VIII for a declaratory judgment.

### A.   Jurisdiction Over Counts I–VII, IX, and X of Counterclaims

First is whether the Court has jurisdiction over Counts I–VII, IX, and X of Defendants' counterclaims. As an initial matter, the Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. *See Cruz v. Winter Garden Realty, LLC*, No. 6:12-cv-1098-Orl-22KRS, 2012 WL 6212909, at *2 (M.D. Fla. Nov. 27, 2012), *report and recommendation adopted by* 2012 WL 6212847 (M.D. Fla. Dec. 13, 2012). It's undisputed Defendants' counterclaims in Counts I–VII, IX, and X arise under state law and do not meet the requirements for jurisdiction under 28 U.S.C. § 1332, so the Court has no independent jurisdiction over them. (*See* Doc. 20, p. 2.) The Court has jurisdiction over the counterclaims only if supplemental jurisdiction exists under 28 U.S.C. § 1367.

Supplemental jurisdiction exists over claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This

occurs when state law claims "arise out of a common nucleus of operative facts with a substantial federal claim." *See Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997). To determine whether a claim meets this standard, courts consider "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996).

The Court may exercise supplemental jurisdiction over compulsory counterclaims. *See Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 712 (5th Cir. 1970).[1] A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(a). This occurs when there is a "logical relationship" between the claims: "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *See Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (citations omitted).

A permissive counterclaim is "any claim that is not compulsory." Fed. R. Civ. P. 13(b). Before the enactment of § 1367, a court could only exercise jurisdiction over permissive counterclaims with an independent jurisdictional basis. *See E.-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989). After the enactment of § 1376, district judges in the Eleventh Circuit are split

---

[1] Decisions of the former U.S. Court of Appeals for the Fifth Circuit rendered before October 1, 1981 are binding on courts within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

on whether permissive counterclaims still require an independent jurisdictional basis or whether a court may exercise supplemental jurisdiction over permissive counterclaims that satisfy 28 U.S.C. § 1367(a) regardless of an independent jurisdictional basis. *See Cruz*, 2012 WL 6212909, at *4 (M.D. Fla. Nov. 27, 2012) (citations omitted); *Waters v. B & M Landscape Concepts, Inc.*, No. 6:09-cv-01876-MSS-DAB, 2010 WL 11626532, at *3 (M.D. Fla. Apr. 22, 2010). Here, the Court need not weigh in on the split as Defendants' counterclaims are not compulsory, lack an independent jurisdictional basis, and do not satisfy the § 1367(a) standard. *See Waters*, 2010 WL 11626532, at *3.

A closer look at the claims and counterclaims and the analysis to resolve them is instructive. Plaintiff's FLSA claims center on Defendants' alleged failure to pay minimum wages by intentionally misclassifying dancers as independent contractors and alleged unlawful tip sharing. (*See* Doc. 1.) So a trial on these FLSA claims will primarily focus on whether Plaintiff and those similarly situated should be classified as "employees" for FLSA purposes and whether they were paid the required minimum hourly wages. *See* 29 U.S.C. §§ 203, 206; *see also Bohenkamp v. JT Private Duty Home Care, LLC*, No. 2:14-cv-366-FtM-38CM, 2014 WL 6722505, at *2 (M.D. Fla. Nov. 28, 2014) (noting that FLSA claims focus on status of employer and employee, number of hours worked, and rate compensated for those hours). This inquiry turns largely on whether Plaintiff and those similarly situated were covered "employees" or exempted "independent contractors," which requires "look[ing] to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence." *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) (citations

omitted). It "focuses on whether 'the work done, in its essence, follows the usual path of an employee.'" *Id.* (citation omitted).

By contrast, Defendants' counterclaims stem from alleged agreements between Defendants and their exotic dancers, although Defendants maintain Plaintiff never performed at Pin Ups. (*See* Doc. 12, p. 13–37.) Defendants contend the agreements stated the dancers would perform as independent contractors, not employees, and described the allocation of entertainment fees. (*See id.* at 14–22.) The counterclaims allege, among other things, dancers' fraudulent and negligent misrepresentations, breach of the agreements, unjust enrichment from entertainment fees, and conversion. (*See id.* at 22–37.) Resolution will require examining the formation of the alleged agreements, construing the terms, and determining their enforceability as well as accounting for and determining ownership of the entertainment fees. *See, e.g.*, *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (breach of contract); *Jaffe v. Bank of Am., N.A.*, No. 10-23348-CIV, 2012 WL 555515, at *7–8 (S.D. Fla. Feb. 21, 2012) (unjust enrichment and conversion); *Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1302, 1307–08 (M.D. Fla. 2010) (fraud in the inducement and negligent misrepresentation). But the alleged agreements and "label" used to describe the employment relationship are not dispositive of whether the FLSA applies—the "economic reality" governs. *See Scantland*, 721 F.3d at 1311 (noting that neither "the 'label' put on the relationship by the parties [n]or the contract controlling that relationship" governs); *see also Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

Given these differences, the counterclaims fail the "common nucleus of operative

facts" test necessary for supplemental jurisdiction under § 1367 and the narrower "same transaction or occurrence" test for compulsory counterclaims. *See Cruz*, 2012 WL 6212909, at *8 (discussing differences in these two tests). While there may be some overlap in the claims as they involve the parties' employment relationship, the facts and elements of proof for the counterclaims differ from the FLSA claims. *See, e.g., Coronado v. D. N.W. Hous., Inc.*, No. H-13-2179, 2014 WL 2779548, at *2–3 (S.D. Tex. June 19, 2014) (discussing the different focus of similar counterclaims in an FLSA action). And the differences are magnified by the fact Defendants' counterclaims are contingent upon the Court first finding Plaintiff and those similarly situated are or were Defendants' "employees" under the FLSA. (*See* Doc. 12, pp. 14–15 (noting Defendants raised the counterclaims "in the event that ORTIZ is found to have performed at the Club" and "in the unlikely event that [Pin Ups] is deemed to be an 'employer' or responsible party").)

Adjudicating Defendants' counterclaims would likely involve different and more far-ranging evidence and different witnesses than the FLSA claims because the claims require proving different facts. The Court therefore cannot exercise supplemental jurisdiction over the counterclaims under § 1367(a) because they are not compulsory and "do not form part of the same Article III case or controversy." *See, e.g., Coronado*, 2014 WL 2779548, at *2–3 (finding counterclaims from breach of independent contractor agreement are not compulsory and no supplemental jurisdiction exists "because the legal and factual issues . . . are not sufficiently related to the FLSA claims"); *Waters*, 2010 WL 11626532, at *3–4 (finding conversion counterclaim was not compulsory and failed to satisfy § 1367(a) because it had distinct facts and elements of proof from the FLSA claim); *Goings v.*

*Advanced Sys., Inc. of Suncoast*, No. 8:08-cv-1110-T-33TGW, 2008 WL 4195889, at *3 (M.D. Fla. Sept. 12, 2008) (finding breach of contract counterclaims not compulsory where necessary facts were distinct from FLSA claims, separate trials wouldn't involve duplication of effort, and elements of proof were distinct).

Defendants, relying largely on *Santeiro v. Wacko's Too, Inc.*, No. 3:17-cv-1233-J-25PDB, Doc. 41 (M.D. Fla. Oct. 30, 2018), contend their counterclaims are unquestionably compulsory.[2] (*See* Doc. 20, p. 4, 6–7.) The Court is unpersuaded for at least two reasons. First, although *Santeiro* involved similar facts and nearly identical counterclaims to those here, the plaintiff's claims there involved violations of the FLSA, the Family and Medical Leave Act (**"FMLA"**), the Americans with Disabilities Act (**"ADA"**), and Florida's Workers' Compensation Law. *See* No. 3:17-cv-1233-J-25PDB, Doc. 41, pp. 1–3. This distinction is not without a difference because where there are more claims, the pool of operative facts is much larger, creating more room for overlap. *See Republic Health Corp.*, 755 F.2d at 1455 (noting counterclaims are compulsory when "the same operative facts serve as the basis of both claims").

Second, the conclusion in *Santeiro* that supplemental jurisdiction existed over the counterclaims appears based on the findings that the terms of the alleged independent contractor agreement "may be dispositive to the FSLA, FMLA, and ADA claims" and the counterclaims depended on the plaintiff's "status as an employee or independent contractor." *See* No. 3:17-cv-1233-J-25PDB, Doc. 41, pp. 9–14. The Court disagrees with

---

[2] Defendants attached the *Santeiro* decision to their response. (*See* Doc. 20-1.)

this analysis. The assertion that the agreement may be dispositive of the plaintiff's FLSA claims ignores the "economic realities" test courts must use to determine whether an individual is an employee under the FLSA regardless of labels in a contract. *See Scantland*, 721 F.3d at 1311. As the Court finds the alleged agreements between Defendants and their exotic dancers are not dispositive of the "employee" inquiry under the FLSA and only FLSA claims are present here, the Court is more persuaded by *Coronado v. D. N.W. Houston, Inc.*, No. H-13-2179, 2014 WL 2779548 (S.D. Tex. June 19, 2014), where the court found there was no supplemental jurisdiction over some of the same counterclaims in a similar case despite an independent contractor agreement. *See* 2014 WL 2779548, at *2–4.

Even if the Court found Defendants' counterclaims satisfy the test under § 1367(a), it would nevertheless decline to exercise jurisdiction. Section 1367 provides courts with discretion to decline to exercise supplemental jurisdiction over a claim arising under state law when:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional cases, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see also In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1997). Courts have declined to exercise supplemental jurisdiction where "state law claims require different or foreign elements of proof" or where state law claims would" introduce jury confusion and delay." *See Cruz*, 2012 WL 6212909, at *3.

Defendants' counterclaims would substantially predominate over the FLSA

claims. This is because many, if not all, of the elements required to prove Defendants' counterclaims are foreign to Plaintiff's FLSA claims. *See, e.g.*, *Bohenkamp*, 2014 WL 6722505, at *2 (finding no supplemental jurisdiction over counterclaims for fraud, trespass, conversion, and breach of contract in an FLSA action and noting even if there was, the counterclaims would predominate). So the Court would decline to exercise supplemental jurisdiction over the counterclaims. *See, e.g., id.*; *Cruz*, 2012 WL 6212909, at *8–9 (recommending the Court decline to exercise supplemental jurisdiction where tortious interference, civil theft, and conversion counterclaims had foreign elements of proof and would substantially predominate over the FLSA claims); *Dowell v. Kidz R 4 Uz, Inc.*, No. 6:08-cv-651-Orl-22KRS, 2008 WL 4613049, at *2 (M.D. Fla. Oct. 14, 2008) (finding the counterclaim would likely substantially predominate over the FLSA claim where it required applying state law and resolving facts separate from the FLSA claim). Thus, Counts I–VII, IX, and X of Defendants' counterclaims are dismissed.[3]

### B.   Declaratory Judgment in Count VIII

Next is Defendants' counterclaim in Count VIII for declaratory judgment. Defendants seek a declaratory judgment under 28 U.S.C. § 2201 and Rule 57 that "PIN UPS is the true owner of all Entertainment Fees and other revenue, aside from *bona fide* dance tips, generated by Counter-Defendants' performances at PIN UPS." (Doc. 12, pp.

---

[3] Because the Court dismisses Counts I–VII, IX, and X of Defendants' counterclaims for lack of jurisdiction, the Court need not reach Plaintiff's argument that these counterclaims fail to state a claim upon which relief may be granted, are not "mature," and are improper in FLSA actions. (Doc. 19, pp. 8–11, 13–16.) Further, the Court notes Defendants also asserted these same claims in the form of affirmative defenses, which are not addressed by this Order. (*See* Doc. 12, pp. 7–12.)

35–36.) Under § 2201, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). For a declaratory judgment, there must be an "actual controversy" between the parties. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937). One exists when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (citation omitted). "Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Dig. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).

Defendants' declaratory judgment request falls short of the "actual controversy" prerequisite because the claim is not ripe. "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Id.* (citations omitted). The "controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury," and "[t]he remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985) (citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) (noting a claim is unripe "if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (citation omitted)). "[I]f a declaratory judgment action fails to meet the Article III case and controversy requirement—including the requirement that

-12-

the action be ripe for review—it must be dismissed for want of jurisdiction." *See Interstate Fire & Cas. Co. v. McMurry Constr. Co.*, No. 6:16-cv-841-Orl-41TBS, 2017 WL 821746, at *1 (M.D. Fla. Mar. 2, 2017) (citing *Dig. Props., Inc.*, 121 F.3d at 589).

Defendants' declaratory judgment counterclaim fails the ripeness inquiry as it is hypothetical and contingent. Defendants expressly predicate their declaratory judgment claim: "To the extent that Counter-Defendants prevail in any of their claims to be adjudicated 'employees' of PIN UPS, the issue of the true owner of the Entertainment Fees, Dance Tips, and other revenue is an issue of immediate concern to the parties." (Doc. 12, p. 35.) So only if the Court finds Plaintiff and those similarly situated are or were "employees" of Pin Ups does the ownership of the "Entertainment Fees, Dance Tips, and other revenue" matter. (*Id.*) Because the Court has not and may not find Plaintiff and the similarly situated others are or were Pin Ups employees, Defendants' potential injury based on the payment of entertainment fees to dancers is hypothetical and contingent, not immediate and certain. *See Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983) (noting the requisite injury must at least be "certainly impending" for a declaratory judgment); *see also Texas*, 523 U.S. at 300.

Further, Defendants have articulated no hardship they would suffer from the Court withholding consideration of the counterclaim until after the Court resolves the FLSA employee/employer issue. (*See* Doc. 20.) Nor can the Court conceive of any such hardship under these circumstances because even Defendants state the issue is only of "immediate concern" if the Court finds Plaintiff and those similarly situated are or were Defendants' employees. (*See* Doc. 12, p. 35.) So Defendants' declaratory judgment

-13-

counterclaim is dismissed without prejudice—Defendants may refile it if the Court finds Plaintiff or those similarly situated were Defendants' employee for FLSA purposes. *See, e.g., Interstate Fire & Cas. Co.*, 2017 WL 821746, at *3-4 (dismissing a declaratory judgment action as unripe because the claim was contingent on the resolution of an underlying claim and the defendants articulated no hardship in waiting to resolve the declaratory claim until after the underlying claim); *Lee Mem. Health Sys. v. Lexington Ins. Co.*, No. 2:18-cv-617-FtM-38UAM, 2019 WL 2471821, at *2–3 (M.D. Fla. Apr. 22, 2019) (same).[4]

## IV.   CONCLUSION

It is **ORDERED AND ADJUDGED**:

1.    Plaintiff's Motion to Dismiss Defendants' Counterclaims (Doc. 19) is **GRANTED**.

2.    Defendants' Counterclaims (Doc. 12, pp. 22–37, ¶¶ 36–116) are **DISMISSED** for lack of jurisdiction.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 18, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

_____

[4] Because the Court dismisses Count VIII of Defendants' counterclaims as unripe, the Court need not address Plaintiff's other attacks on Count VIII as improperly pled and futile. (*See* Doc. 19, pp. 11–13.)