# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELENA ORTIZ,**

        **Plaintiff,**

**v.**                                                              Case No:   6:19-cv-1644-Orl-37LRH

**PIN UPS OF DAYTONA BEACH, LLC,**
**JOSEPH LOGUIDICE and TIMOTHY**
**BLAKESLEE,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED JOINT MOTION FOR JUDICIAL APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (Doc. 78)**
>
> **FILED:** October 21, 2020
>
> **THEREON** it is **ORDERED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.   Background**

On August 23, 2019, Plaintiff Elena Ortiz, an exotic dancer, filed this putative collective action against her former employers Defendants Pin Ups of Daytona Beach, LLC, Joseph Loguidice, and Timothy Blakeslee (collectively, "Defendants"). (Doc. 1). Plaintiff Ortiz alleges that Defendants misclassified her and other similarly situated employees as independent contractors and, in doing so, did not pay them the applicable minimum wage. (*Id*. at ¶¶ 1, 3-4). Instead, Plaintiff Ortiz alleges that the putative class members' primary source of income came from customer tips,

which the Defendants allegedly took as "house fees" or "rent" and/or divided among other employees who did not receive tips. (*Id*. at ¶¶ 2-4). Based on these allegations, Plaintiff Ortiz, on behalf of herself and other similarly situated individuals, asserted claims for unpaid minimum wages (Count I) and unlawful tip sharing (Count II) in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 206. (Doc. 1). Shaquella Weston and Ashley Marquez joined this action as opt-in plaintiffs in November and December 2019, respectively. (Docs. 37; 47).[1]

The Defendants answered the Complaint and asserted several counterclaims against Plaintiff Ortiz and the putative class. (Doc. 12). Plaintiff Ortiz moved to dismiss the counterclaims (Doc. 19) and the Court granted the motion and dismissed the counterclaims for want of jurisdiction (Doc. 53).

The case proceeded in the normal course, with discovery commencing in December 2019. (Doc. 48). Prior to the close of discovery on August 3, 2020 (Doc. 51 at 3), Plaintiff Ortiz moved to certify this matter as a collective action. (Doc. 60 ("Motion to Certify")). Before the Court ruled on the Motion to Certify, the parties filed a joint notice of settlement on September 11, 2020. (Doc. 71).

On October 2, 2020, Plaintiff Ortiz and opt-in plaintiffs Marquez and Weston (collectively, "Plaintiffs") filed what purported to be a joint motion to approve the parties' settlement agreement (Doc. 74), a copy of which they attached to the motion. I entered an order denying the motion because: 1) the motion was silent as to how the parties resolved the Plaintiffs' claim for unlawful tip sharing; and 2) the settlement agreement was not signed by all parties. (Doc. 75).

---

[1] No other individuals have joined the action as opt-in plaintiffs.

On October 21, 2020, the parties filed a renewed motion to approve their now fully executed settlement agreement (Docs. 78 ("Motion")). The parties have also attached a copy of their fully executed settlement agreement. (Doc. 78-2 ("Agreement")). The parties have now addressed how they resolved the claim for unlawful tip sharing. (Doc. 78 at ¶¶ 35-36, 42). Under the Agreement, the Plaintiffs will receive a total of $13,500.00 to be divided as follows:

- Plaintiff Ortiz = $1,741.48
- Plaintiff Marquez = $1,741.48
- Plaintiff Weston = $1,959.16
- Plaintiffs' attorney fees = $4,004.44
- Plaintiffs' litigation costs = $4,053.44

(Doc. 78-2 at 3). However, it is unclear how (or if) the amounts to be paid to the Plaintiffs will be divided between unpaid wages and liquidated damages. (*See* Docs. 78; 78-2 at 3). In exchange for these amounts, the Plaintiffs agree to release the Defendants from "any and all actions . . . that [they] can or may have, as of the date of [the A]greement, that relate to any and all claims under the [FLSA]." (Doc. 78-2 at 4). The parties assert that the Agreement represents a fair and reasonable resolution of the Plaintiffs' FLSA claims and request that the Agreement be approved and the case be dismissed with prejudice. (Doc. 78 at 16).

## II. Applicable Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food*

---

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

*Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

amount paid to settle plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III.   Discussion

The Motion is due to be denied for two reasons.  Frist, while the parties state that the amounts the Plaintiffs will receive under the Agreement represent "a fair and reasonable settlement of Plaintiffs' claims for owed wages, liquidated damages and reimbursement of fees, fines and tips shared" (Doc. 78 at ¶ 42), it is unclear how those amounts will be allocated to cover the Plaintiffs' individual claims for unpaid minimum wages and liquidated damages, *e.g.*, how much of the $1,741.48 that Plaintiff Ortiz is due under the Agreement covers unpaid wages and how much covers liquidated damages.  (*See* Docs. 78; 78-2 at 3).  This information must be contained in the Agreement, and in its absence, the Court cannot determine whether the settlement is fair and reasonable.

Second, unlike the prior motion, in which the Plaintiffs sought to establish the reasonableness of the attorney fees and costs through the lodestar method and *Bonetti* (Doc. 74 at ¶¶ 34-37), the parties now only seek to establish the reasonableness of the attorney fees and costs through the lodestar method (Doc. 78 at ¶¶ 43-47).  The parties, however, have not provided any evidence in support of the hourly rate and hours claimed, nor have they provided any evidence supporting the claimed costs.  If the parties seek to establish the reasonableness of the attorney fees and costs provided for under the Agreement through the lodestar method, they must provide evidence supporting the hourly rate and hours claimed, as well as the costs.  Otherwise, they may establish the reasonableness of the attorney fees and costs provided under the Agreement by complying with *Bonetti*.

**IV.   Conclusion**

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 78) is **DENIED WITHOUT PREJUDICE**.

2. **On or before November 20, 2020**, the parties shall file a second renewed motion for settlement approval.

**DONE** and **ORDERED** in Orlando, Florida on November 5, 2020.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties